Mario Jerome **NAJEEULLAH,**
**Sr.,** Petitioner—Appellant,

v.

A.C. **NEWLAND,** Warden, aka Susan
L. Hubbard, Respondent—
Appellee.

No. 04–56021.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Feb. 3, 2006.

Before SCHROEDER, Chief Judge,
LEAVY, Circuit Judge, and SEDWICK,**
District Judge.

## MEMORANDUM***

California state prisoner Mario Jerome Nejeeullah, Sr. (petitioner), appeals the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. § 2241, as limited by 28 U.S.C. § 2254. His habeas petition challenges his conviction for second degree murder in violation of California Penal Code § 187(a). He argues that the prosecutor's peremptory challenges of three black male jurors were unconstitutionally based on race and gender. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and we affirm the district court.

Petitioner was convicted in 1995 in California of second degree murder under Cal.Penal Code § 187(a). After the prosecutor had used nine peremptory challenges during jury selection, petitioner objected to the prosecutor's use of three of the first nine peremptory challenges to remove black male jurors. The state trial court ruled that petitioner's counsel had failed to make a prima facie showing of discrimination and the prosecutor did not volunteer reasons for the strikes. The record does

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

not reveal what standard the trial court applied in the analysis. The state Court of Appeal affirmed the conviction, and the Supreme Court of California denied a petition for review.

In his habeas petition in federal court, petitioner argues that the prosecutor's use of peremptory challenges violated the Equal Protection Clause. This court granted a Certificate of Appealability on one issue: "Whether the prosecutor's peremptory challenges of three African-American male jurors violated *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)."

We review de novo a district court's denial of a habeas petition. *Medina v. Hornung,* 386 F.3d 872, 876 (9th Cir.2004). Although the habeas petition in this case is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we have held that where the state court has used, or may have used, the "strong likelihood" standard for reviewing a *Batson* claim, we do not defer to the state court's determination of whether a prima facie case has been shown. *Cooperwood v. Cambra,* 245 F.3d 1042, 1045 (9th Cir. 2001). The district court properly reviewed de novo the issue of whether petitioner established a prima facie case for his *Batson* claims.

*Batson* held that the use of race-based peremptory challenges to excuse potential jurors violated the Equal Protection Clause of the Fourteenth Amendment. *Batson,* 476 U.S. at 89, 106 S.Ct. 1712. The Supreme Court recently clarified *Batson* in *Johnson v. California,* —— U.S. ——, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005). In *Johnson,* the Supreme Court reiterated the now-familiar three step procedure:

First, the defendant must make out a prima facie case by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose. Second, once the defendant has made out a prima facie case, the burden shifts to the State to explain adequately the racial exclusion by offering permissible race-neutral justifications for the strikes. Third, if a race-neutral explanation is tendered, the trial court must then decide whether the opponent of the strike has proved purposeful racial discrimination.

125 S.Ct. at 2416 (internal citations, quotation marks, and footnote omitted).

In order to establish a prima facie case, petitioner must show (1) he is a member of a cognizable racial group; (2) the prosecution has removed members of such group; and (3) the circumstances raise an inference that the challenges were motivated by race. *Batson,* 476 U.S. at 96, 106 S.Ct. 1712. Although a pattern of strikes against a cognizable group may support an inference of discrimination, a court must consider all the relevant circumstances surrounding a peremptory challenge. *Tolbert v. Gomez,* 190 F.3d 985, 988 (9th Cir.1999).

Although "a defendant can make a prima facie showing based on statistical disparities alone," *see Paulino v. Castro,* 371 F.3d 1083, 1091 (9th Cir.2004) (citation omitted), "[t]here is no magic number of challenged jurors" which automatically establishes a prima facie case of discrimination. *United States v. Chinchilla,* 874 F.2d 695, 698 (9th Cir.1989). Petitioner failed to set out sufficient facts to establish a prima facie case because he failed to establish facts that would permit any statistical comparison. *See Williams v. Woodford,* 384 F.3d 567, 584 (9th Cir.2004) (holding that petitioner did not make a prima facie showing of illegal discrimination because the petitioner needed to "point to more facts than the number of African–Americans struck" in order to es-

tablish a pattern of strikes supporting an inference of discrimination). Furthermore, we need not decide whether "African–American males" is a cognizable group because the petitioner has failed to establish the facts that would permit any statistical analysis of African–American males in this case.

We affirm the judgment of the district court dismissing the habeas petition. We have considered the uncertified issue of the gender-based *Batson* challenge raised by petitioner in his opening brief, which we construe as a motion to expand the Certificate of Appealability. We deny this motion.

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**JORDAN P. W., a juvenile,**
**Defendant–Appellant.**

No. 05–30078.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2005.

Decided Feb. 3, 2006.

Lori Harper Suek, Esq., USGF–Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Michael Donahoe, Esq., FDMT–Federal Defenders of Montana, Helena, MT, for Defendant–Appellant.

Before GOULD and BERZON, Circuit Judges, and SCHWARZER,* Senior District Judge.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.